[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION REGARDING MOTION TO REOPEN JUDGMENT AND MOTION TO CONFIRM ARBITRATION AWARD
On October 15, 1991, plaintiffs Frank Kerski and Eleanor Kerski filed this action in one count against defendant Abington Mutual Insurance Company requesting that the court appoint an umpire pursuant to General Statutes 38a-307. Plaintiffs allege that the defendant issued a fire insurance policy on plaintiffs' property located at 74 Lowantic Hill Road, Oxford, Connecticut. On January 27, 1991, the subject property was destroyed by fire. Plaintiffs submitted proof of loss which the defendant rejected. The parties each appointed an appraiser. Fifteen days passed without the appraisers appointing an umpire.
On February 3, 1992, the court, Maiocco, J., appointed as umpire Edward Heberger. On March 17, 1992, the appraisers CT Page 445 and umpire executed a "Declaration of Appraisers" setting forth the value, loss, and damage to the subject property.
On September 2, 1992, the plaintiffs filed a motion to reopen judgment and request for supplemental arbitration on the ground that the issue of debris removal, which is an "additional coverage" under the policy, was not submitted to the umpire. In support of their motion the plaintiffs filed a copy of the "Declaration of Appraisers" an estimate for debris removal and a copy of a letter, discussing debris removal coverage, dated June 2, 1992. On September 28, 1992, plaintiffs filed a supporting memorandum of law. On September 28, 1992, defendant filed a reply to plaintiffs' motion to open, and a motion to confirm the appraisers' award. In support of its reply, defendant filed a copy of the submission to appraisal, a copy of the "Declaration of Appraisers," and a copy of the court order appointing Edward Heberger as umpire.
General Statutes 52-408 through 52-424 address arbitration proceedings. A party may move to vacate, modify or correct an award within thirty days from the notice of the award to the party to the arbitration who makes the motion. General Statutes 52-420(b). Within one year after an award has been rendered and the parties notified of an award any party may file an application to confirm the award. The court shall grant an order confirming the award unless the award is vacated, modified or corrected pursuant to 52-418 and 52-419. Conn. Gen. Stat. 52-417. Subsection (c) of Section 52-420 provides in part that "[u]pon the granting of an order confirming, modifying or correcting an award, a judgment or decree shall be entered in conformity therewith by the court or judge granting the order."
 The judgment or decree confirming, modifying or correcting an award shall be docketed as if it were rendered in a civil action. The judgment or decree so entered shall have the same force and effect in all respects as, and be subject to all the provisions of law relating to, a judgment or decree in a civil action; and it may be enforced as if it had been rendered in a civil action in the court in which it is entered.
CT Page 446
General Statutes 52-421 (b).
Since the plaintiffs have not filed a motion to vacate, modify or correct the arbitration award within thirty days of notice of the award as required of General Statutes 52-420(b), and the court has yet to rule on defendant's motion to confirm the award, the court has not rendered a judgment which may be opened. Thus, plaintiff's motion to reopen judgment is denied.
The court has reviewed the defendant's motion to confirm the arbitration award. The court grants the motion to confirm the award and orders that judgment enter accordingly.
Clarance J. Jones Judge